**Gayle Lee JONES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–85–110–CR.**

Court of Appeals of Texas,
Eastland.

Jan. 16, 1986.

Pete Gilfeather, Gilfeather, Parker & Griffin, Fort Worth, for appellant.

Jorge A. Solis, Crim. Dist. Atty., Abilene, for appellee.

Opinion

DICKENSON, Justice.

After the jury convicted Gayle Lee Jones of a first misdemeanor offense of driving a motor vehicle while intoxicated,[1] the judge assessed her punishment at 30 days confinement and a fine of $300. The imposition of confinement was suspended, and appellant was placed on probation for a period of 24 months. We reverse the conviction and remand the cause.

Appellant has briefed four grounds of error. While the issue of intoxication was contested, there is no challenge to the sufficiency of evidence. There is sufficient evidence[2] to support the finding that appellant was guilty of driving her automobile while intoxicated upon a public street in the City of Abilene on August 1, 1984.

We overrule the first ground of error. The *video* tape made of appellant at the jail after her arrest was admissible, and the trial court did not err in overruling appellant's motion to suppress. See *Carpenter v. State*, 333 S.W.2d 391 at 394 (Tex.Cr. App.1960).

We sustain the second ground of error, holding that the trial court committed reversible error in overruling appellant's objection to the *audio* portion of the *video* tape made of appellant at the jail after her arrest for driving while intoxicated.[3] Not only did appellant request an attorney before the video tape was made, she also requested an opportunity to consult her lawyer at the very beginning of the video tape. The trial court permitted the jury to hear the audio portion of the video tape until the time appellant was

1. See TEX.REV.CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp.1986). Since there were no serious bodily injuries and no open containers, the authorized range of punishment was a fine of not less than $100 nor more than $2,000 and confinement for not less than 72 hours nor more than two years.

2. See *Houston v. State,* 663 S.W.2d 455 (Tex.Cr. App.1984), which makes it clear that an appellate court must view the evidence in the light most favorable to the jury's verdict when reviewing the sufficiency of the evidence.

3. We note that this legislation, Section 24 of S.B. No. 1, Driving While Intoxicated, ch. 303, 1983 TEX.GEN.LAWS 1605 speaks of "visually recording a person arrested." It does not speak in terms of audio recording of statements, only of visual recording of the person's appearance and actions. The oral statement authorized by TEX. CODE CRIM.PRO.ANN. art. 38.22, sec. 3 (Vernon Supp.1986) cannot be used in this case because appellant did not waive the rights listed in the warning which was given. She invoked her right to consult with counsel "prior to and during any questioning."

permitted to make the phone call to her attorney. This was error under the federal constitution as interpreted by the Supreme Court of the United States in *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1977).

The majority opinion in *Edwards* states, 451 U.S. at 484, 101 S.Ct. at 1884:

> [W]e now hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights.

The jury in the case before us should not have been permitted to hear the officer's questions and appellant's answers after appellant said that she wanted to talk to her lawyer. Indeed, the jury should not have been permitted to hear appellant claim the constitutional right to consult with her attorney. For similar holdings, see *Gathright v. State,* 698 S.W.2d 260 at 261 (Tex. App.—Fort Worth 1985, no pet'n), and *Powell v. State,* 660 S.W.2d 842 at 845 (Tex.App.—El Paso 1983, no pet'n).

 Since the question is apt to arise again on the retrial of this case, we will discuss appellant's third ground of error. In this ground appellant argues that the trial court erred in overruling her objection to the admission into evidence of her refusal to take an intoxilyzer test. This ground is overruled. We disagree with the holding in *Forte v. State,* 686 S.W.2d 744 (Tex.App. —Fort Worth 1985, pet'n granted), upon which appellant relies. This Court recently held that it is not error to let the jury know that a defendant refused a request for a specimen of breath or blood under TEX. REV.CIV.STAT.ANN. art. 6701*l*–5, sec. 3(g) (Vernon Supp.1986). See *Ellis v. State,* 696 S.W.2d 209 (Tex.App.—Eastland 1985, pet'n pending). See also *McCambridge v. State,* 698 S.W.2d 390 (Tex.App. —Houston [1st Dist.] 1985, pet'n granted).

The final ground of error is moot in view of our holding on ground two and, consequently, will not be discussed.

The judgment of conviction is reversed, and the cause is remanded for trial.