**Gayle Lee JONES, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–85–110–CR.**

Court of Appeals of Texas, Eastland.

Feb. 4, 1988.

Discretionary Review Granted April 27, 1988.

Pete Gilfeather, Gilfeather, Parker & Griffin, Fort Worth, for appellant.

James Eidson, Crim. Dist. Atty., Abilene, for appellee.

## OPINION ON REMAND

DICKENSON, Justice.

The facts in this case are set forth in this Court's opinion dated January 16, 1986, [703 S.W.2d 391] and in the Court of Criminal Appeals' opinion dated November 25, 1987 [742 S.W.2d 398]. The Court of Criminal Appeals vacated this Court's original decision and remanded the cause for fur-

1. The videotape was returned to the trial court for transcription by the court reporter. If needed, the videotape can be made available to the

ther proceedings "not inconsistent" with its opinion.

The audio portion of the videotape which the jury heard has now been transcribed.[1] It reads in full as shown:

Q: I am Officer Ricky Sanchez, the videotaping officer. The arresting officer is going to be Boyd Scott, which will not being (sic) present in the room. The transporting officers will be Steve Rogers and Julie Komatz. On my left will be the Defendant, last name Jones, Gayle, middle initial L., Lincoln.

A: Spelled L–e, Lee.

Q: L–e, okay. Date of birth, 12–20–62. At this time, pronounce your full name and your date of birth.

A: Gayle Lee Jones, 12–20–62.

Q: Okay. Okay, Gayle, listen up just a minute. Okay? You are now being photographed and recorded as a standard procedure in the interview of a driving while intoxicated suspect. *You have the right to remain silent and not make any statement at all. Any statement you make may be used as evidence against you at your trial. Any statement you make may be used as evidence against you in Court. Do you understand these rights?*

A: Yes.

Q: Yes or no?

A: Yes.

Q: Okay. *You have the right to have a lawyer present to advise you prior to and during any questioning. If you are unable to employ a lawyer, you have the right to have a lawyer appointed to advise you prior to and during any questioning. You have the right to terminate the interview at any time. Do you understand these rights?*

A: *Yes, but I think I would like to have a lawyer.*

Q: Okay. All right. Gayle, step back here right now where the two is.

Court of Criminal Appeals pursuant to TEX.R. APP.P. 202(f).

Now, what I am going to have you do right now is a field sobriety test. Do you know what a field sobriety test is?

A: No.

Q: Okay. I am going to show you how to do a couple of things for me and you watch me first. Okay?

A: Yes.

Q: The first thing I want you to do is stand up straight with your feet together. Okay? Now, I want you to lift one foot up for approximately fifteen to twenty seconds until I tell you to put it down. Okay? Put your foot down.

A: *When am I supposed to have a lawyer to do all of this stuff?*

Q: As far as answering questions—

A: I can do all of this stuff by myself?

Q: Right. He don't have to be present for this.

A: Okay.

Q: Okay. The next thing I want you to do is turn around and face me. No, face me. Put your feet together, your hands to your side. I want you to close your eyes and tilt your head back for approximately fifteen or twenty seconds until I tell you to open your eyes. Close your eyes.

A: They are closed.

Q: Open your eyes. Okay. Step right over there.

A: Right here?

Q: Yes, that is fine. Do you see this line on the floor?

A: Yes.

Q: Okay. What I want you to do, I want you to walk that line, heel to toe, just like this. Okay? Heel to toe.

A: I am in the military service.

Q: Okay.

A: Do I have to do this?

Q: Gayle? Gayle, look at me.

A: Yes, I see that.

Q: Okay.

A: I follow the arrows.

Q: Follow the arrows all the way, heel to toe. Once you get there, pivot, go in to the box number two.

A: If I wanted to do this, I would have gone into the Marine Corps. I should have gone into the Marine Corps. *Oh, you all are going to get me big time. This is on tape and talking to myself. Lock me up.*

Q: Okay. Gayle, at this time, I need for you to pick this coin up just like this, bend over and just pick it up. Okay?

A: Yes, sir.

Q: Pick it up. Okay. Step back up here where the one is. Okay. Gayle, can you read and comprehend the English language?

A: Yes, sir.

Q: Read that out loud for me.

A: Six different flags have flown over Texas during its history. Texas is often called the Lone Star State because its flag has a single star. The State flag is not the only State symbol. The pecan tree is the State tree and the bluebonnet is the State flower. In 1927, the mockingbird became the State bird. Texas has many symbols in which all Texans can take pride.

Q: Okay. Gayle, at this time, I am going to give you the opportunity to make a phone call to your attorney. If you want to make a phone call, there is a phone and telephone book if you don't know the number. (Emphasis added)

■ We hold that appellant timely and specifically invoked her rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and *Edwards v. Arizona*, 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). We further hold that audio taping [in addition to videotaping] the suspect's oral responses to questions incidental to the "field sobriety test" is a practice which, under *Rhode Island v. Innis*, 446 U.S. 291 at 301, 100 S.Ct. 1682 at 1690, 64 L.Ed.2d 297 (1980), the "police should know are reasonably likely to elicit an incriminating response" and "thus amounts to interrogation."

■ Consequently, the trial court erred in permitting the jury to hear appellant's responses to that interrogation. This error is not harmless beyond a reasonable doubt

under TEX.R.APP.P. 81(b)(2). The jury heard appellant say: "Oh, you all are going to get me big time. This is on tape and talking to myself. Lock me up."

The judgment of conviction is reversed, and the cause is remanded for trial.