**Kenneth Joseph SMITH, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–87–00805–CR.**

Court of Appeals of Texas,
Houston (1 Dist.).

June 9, 1988.

Rehearing Denied July 28, 1988.

Robert Turner, Houston, for appellant.

John B. Holmes, Dist. Atty. Harris County, Winston E. Cochran, Asst. Dist. Atty., for appellee.

Before BISSETT, JACK SMITH and COHEN, JJ.

## OPINION

COHEN, Justice.

A jury found appellant guilty of driving while intoxicated, and the trial court assessed his punishment at 180 days in jail, probated for two years, and a fine of $400.

Appellant contends that the trial court committed reversible error by overruling his motion to suppress and allowing the jury to hear the audio portion of the videotape made after appellant requested legal counsel.   This, he asserts, violated his fifth and sixth amendment rights.

At the beginning of the video appellant was given his *Miranda* warnings.   After performing sobriety tests, appellant was asked whether he wished to contact an attorney.   The exchange between appellant

and the officer, in pertinent part, was as follows:

POLICE OFFICER: Now sir, at this time, I'd like to ask you a few questions. Keeping your legal warning in mind, you do not have to answer these questions if you do not wish to do so. Would you like to answer a few questions for me sir?

APPELLANT: I can't say yes sir.

POLICE OFFICER: Yes sir, you can answer them if you'd like.

APPELLANT: I can answer you sir, but I can't say yes to all the questions without my lawyer, sir.

POLICE OFFICER: I see, would you like a lawyer? *Would you like to call your lawyer?*

APPELLANT: *Yes sir.*

POLICE OFFICER: Okay, there's a telephone there.

APPELLANT: I don't know my lawyer's number, sir. My friend knows my lawyer's number.

POLICE OFFICER: There's a phone book there also. You're only allowed to call your attorney. You're not allowed to call your friends or relatives. You'll be able to do that if you're placed in the city jail. You'll be given that opportunity when you get over to the jail. Here you're only allowed to call your attorney.

APPELLANT: I'm sorry sir, I can't call my attorney cause I don't know his number.

POLICE OFFICER: Okay, there is a phone book there if you'd like to look it up.

APPELLANT: My friend knows his number sir, I don't have any problems, just my friend knows his number.

POLICE OFFICER: Do you know his name?

APPELLANT: No sir, my friend that I was driving with has a lawyer. I don't know his number.

POLICE OFFICER: Okay sir, if you'd like to look in the phone book for another lawyer, you have that right. Feel free to do so at this time.

APPELLANT: No sir, it wouldn't do me any good. I don't know my lawyer's number.

POLICE OFFICER: All right sir, do you realize—are you willing to answer any questions for me?

APPELLANT: Yes sir.

POLICE OFFICER: Keeping your legal warning in mind, you do not have to answer them if you do not wish to do sir.

APPELLANT: I won't answer the ones I don't feel like.

Thereafter, a number of incriminating questions were asked, such as "have you been drinking," and "are you under the influence of alcohol now?" Appellant responded in the negative, but refused to take a breath test. The officer informed him that his license would be automatically suspended for 90 days, and the following exchange occurred:

APPELLANT: Does this mean I cannot contact an efficient lawyer?

POLICE OFFICER: No sir, you can still have the opportunity to call a lawyer if you like at this time.

APPELLANT: I just don't have his number on me sir.

POLICE OFFICER: Sir, if you want to when you get over to the jail, you'll be given the opportunity to contact anyone you want, however many phone calls you need to make. You understand?

APPELLANT: That's all I need.

POLICE OFFICER: Okay, are you willing to take the breath test? Yes or no?

APPELLANT: Without my lawyer present? No sir.

POLICE OFFICER: At this time, I need you to sign your name indicating that you have refused to take the breath test.

APPELLANT: Does it say without my lawyer present, sir?

POLICE OFFICER: Excuse me?

APPELLANT: Does it say without my lawyer present?

POLICE OFFICER: No sir, you still have to sign.

APPELLANT: Then it doesn't matter, does it.

POLICE OFFICER: Do you wish to sign it sir, I just have to have it—.

APPELLANT: Not without my lawyer present. I can't give up any rights.

In denying appellant's motion to suppress the audio portion of the video tape, the trial court concluded that appellant invoked his right to counsel, but knowingly waived it when he said, "I am going to go ahead and talk to you anyway." (The trial judge was paraphrasing what he believed he saw in the video.) The video tape was then played for the jury.

In *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the United States Supreme Court held that once a defendant requests a lawyer, all interrogation must cease. *Id.* at 473–74, 86 S.Ct. at 1627–28. In *Edwards v. Arizona,* 451 U.S. 477, 484–85, 101 S.Ct. 1880, 1884–85, 68 L.Ed.2d 378 (1981), the Supreme Court stated:

> we now hold that when an accused had invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he had been advised of his rights. We further hold that an accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.

The State argues that *Edwards* was satisfied because appellant had an opportunity to contact legal counsel, and because appellant did not express a desire to deal with the police "only through counsel." The State emphasizes appellant's response—"I can't say yes to all the questions without my lawyer, sir"—and claims that appellant had a partial or selective willingness to answer questions. The State relies on *Connecticut v. Barrett,* 479 U.S. 523, 107 S.Ct. 828, 93 L.Ed.2d 920 (1986). In *Barrett,* the accused refused to give a written statement without his attorney, but agreed to give an oral statement without his lawyer being present. *Id.* 107 S.Ct. at 830. The court held that the accused's limited request for counsel "accompanied by affirmative announcement of his willingness

to speak with the authorities" was a voluntary waiver of his rights, and his subsequent oral statements were admissible. *Id.* at 832.

Justice Brennan's concurring opinion in *Connecticut v. Barrett* stressed that partial invocation of the right to counsel "without more, invariably will be ambiguous." *Id.* at 835 (Brennan, J., concurring). Brennan further stated:

> It gives rise to doubts about the defendant's precise wishes regarding representation and about his or her understanding of the nature and scope of the right to counsel. Thus, the police may not infer from a partial invocation of the right to counsel *alone* that the defendant has waived any of his or her rights not specifically invoked. However, circumstances may clarify an otherwise ambiguous situation. If the a partial invocation is accompanied by an explicit waiver of the right to silence that is voluntary, knowing, and intelligent, it may lose its ambiguity.

*Id.* (Brennan, J., concurring).

If appellant's initial statement was only a partial invocation of the right to counsel, it was followed by a specific question inquiring whether appellant wanted an attorney. Appellant unequivocally replied, "Yes sir."

Once appellant invoked his right to counsel, all interrogation should have ceased. Appellant never stated that he did not want counsel and never initiated further conversations with the police.

The burden was on the State to show that appellant specifically and affirmatively waived his right to counsel, or that appellant initiated further discussions with the police. *Edwards v. Arizona,* 451 U.S. at 485, 486 n. 8, 101 S.Ct. at 1885, n. 8. The videotape in the instant case clearly establishes that appellant did not initiate further conversation with the officer. It establishes that the officer initiated the communication that followed.

We find that the trial court erred in admitting the audio portion of the videotape into evidence. *Compare Ochoa v. State,* 573 S.W.2d 796 (Tex.Crim.App.1978).

Having found error, we must now determine whether the error was harmless. Tex.R.App.P. 81(b)(2) provides that we "shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment."

The only disputed fact was whether appellant was intoxicated. Appellant refused to take a breath test. Officer Blaine testified that appellant was intoxicated, that he smelled of alcohol, and that appellant performed poorly on field sobriety tests. Blaine stated that, although he did not take any notes about the incident, he could recall that appellant stumbled on the head tilt test and missed his nose three times on the coordination test. Blaine further testified that he turned appellant's vehicle over to a lone woman passenger. Appellant and the passenger to whom the officer released the vehicle testified that the vehicle contained four people, three passengers beside appellant.

Appellant performed all the physical tests shown on videotape and was not obviously intoxicated. In the videotape, appellant stated that he had had nothing to drink, but had taken medication bearing a label that it should not be taken along with alcoholic beverages. However, when he testified at trial, appellant admitted that he had had "two, maybe three" drinks several hours before his arrest.

The videotape directly conflicted with appellant's testimony in court and showed him refusing to furnish evidence and invoking constitutional rights. All of this probably weakened his case before the jury. *Compare Jones v. State*, 745 S.W.2d 94 (Tex.App.—Eastland, 1988, no pet.) (not yet reported); *Knox v. State*, 722 S.W.2d 793, 795 (Tex.App.—Amarillo 1987, no pet.).

The sole point of error is sustained.

The judgment is reversed, and the cause is remanded to the trial court.