Miles Milton JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–90–450–CR.

Court of Appeals of Texas,
Corpus Christi.

Sept. 18, 1991.

Discretionary Review Refused
Feb. 5, 1992.

Herbert H. Hawkins, Jr., Bay City, for appellant.

John C. Dickerson, Steven Elliot Reis, Bay City, for appellee.

Before NYE, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Appellant pleaded guilty to the offense of driving while intoxicated. The jury assessed punishment at two years in the County Jail and a $2000.00 fine. By seven points of error, appellant complains generally that the trial court erred in admitting a DWI videotape of appellant. We affirm.

In point four, appellant claims that his plea of guilty rendered the videotape irrelevant, and that its admission was error. Relevant evidence means evidence having the tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tex.R.Crim.Evid. 401. Here, the videotape was relevant as circumstantial evidence from which the jury could infer the degree of intoxication and thereby assess the appropriate level of punishment. *See Jones v. State*, 795 S.W.2d 171, 176 (Tex.Crim.App.1990). Permissible evidence may be offered by the State as to any matter the court deems relevant to sentencing. Tex.Code Crim.Proc.Ann. art. 37.07 § 3(a) (Vernon Supp.1991). Point four is overruled.

In his remaining points, appellant generally urges constitutional or procedural errors in the admission of the videotape. To preserve error for appellate review, the objecting party must object to the trial court's ruling continuously until receiving an adverse ruling. The proper method to pursue an adverse ruling is to: (1) object, (2) request an instruction to disregard, and (3) move for a mistrial. *Penry v. State*, 691 S.W.2d 636, 649 (Tex.Crim.App.1985), *cert. denied*, 474 U.S. 1073, 106 S.Ct. 834, 88 L.Ed.2d 805 (1986); *Fuentes v. State*, 664 S.W.2d 333, 336 (Tex.Crim.App.1984); *Vela v. State*, 771 S.W.2d 659, 662 (Tex. App.—Corpus Christi 1989, pet. ref'd).

In point one, appellant complains that admission of the videotape violated his Fifth Amendment right against self-incrim-

ination. Counsel's only objection during the presentation of the evidence was that the videotape was not relevant. An error presented on appeal will not be considered if it varies from the specific objection made during trial. *Thomas v. State,* 723 S.W.2d 696, 700 (Tex.Crim.App.1986); *Vanderbilt v. State,* 629 S.W.2d 709, 721 (Tex.Crim. App.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982); *Baldonado v. State,* 745 S.W.2d 491, 496 (Tex. App.—Corpus Christi 1988, pet. ref'd); *Winslow v. State,* 742 S.W.2d 801, 804 (Tex.App.—Corpus Christi 1987, pet. ref'd). Almost any right, constitutional and statutory, may be waived by the failure to make a timely and specific objection. *Little v. State,* 758 S.W.2d 551, 563 (Tex.Crim.App. 1988), *cert. denied,* 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988); *Smith v. State,* 721 S.W.2d 844, 855 (Tex.Crim.App. 1986); *Boulware v. State,* 542 S.W.2d 677, 682 (Tex.Crim.App.1976) *cert. denied* 430 U.S. 959, 97 S.Ct. 1610, 51 L.Ed.2d 811 (1977); *Vela,* 771 S.W.2d at 662. The error, if any, was not preserved. Point one is overruled.

■ Similarly, appellant failed to preserve his second point of error—that admitting the audio portion of the videotape violated the regulations which provide for such recordings. Tex.Rev.Civ.Stat.Ann. art. 6701*l*-1 (Vernon Supp.1991). In reviewing the entire record, we find no instance in which appellant voiced his objection. Appellant relies on *Jones v. State,* 703 S.W.2d 391 (Tex.App.—Eastland 1986), in arguing that the statute does not authorize audio recordings in DWI videotapes. Later developments in *Jones,* 795 S.W.2d 171, (Tex.Crim.App.1990) make it clear that the only issue regarding audio recordings is whether portions of them will be admissible. It is now well settled that the statute authorizes audio recordings. Here, the issue of admissibility was not preserved because counsel's global objection regarding relevancy is not sufficient to preserve er-

ror. Tex.R.App.P. 52(a). Point two is overruled.

■ In his third point of error, appellant complains that racial prejudice was unavoidable due to the composition of the jury and to certain inflammatory portions of the videotape. Review of the record again reveals that appellant did not object to the racial composition of the jury at any time during the proceedings. Neither did appellant specifically object to the danger of unfair prejudice that he perceived in the videotape's racially inflammatory remarks. A defendant may only raise a *Batson* issue on appeal when he has made a trial objection. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). By failing to make the specific objection appellant has waived it. *Williams v. State,* 773 S.W.2d 525, 534–35 (Tex.Crim. App.1988).

■ In point five, appellant complains that the State failed to lay the proper predicate to establish the videotape's admissibility. This error, if any, was waived when appellant failed to make a timely and specific objection at trial. For any omissions in the predicate, counsel must inform the court just how the predicate is deficient. *See Bird v. State,* 692 S.W.2d 65, 70 (Tex. Crim.App.1985), *cert. denied,* 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986); *Wagner v. State,* 720 S.W.2d 827, 829 (Tex. App.—Texarkana 1986, pet. ref'd). Point five is overruled.

■ In his sixth point of error, appellant claims that his right to Due Process was violated because he was not given *Miranda* warnings before the recording was made. Once again, this complaint was not preserved for appeal by proper trial objection. The requirement of a trial objection applies with equal force to alleged *Miranda* violations. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Gauldin v. State,* 683 S.W.2d 411 (Tex.Crim. App.1983).[1] Since appellant raised the

---

1. *See also Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980), *Miranda* warnings are required when suspect is in custody and subject to interrogation or words or actions police should know are reasonably likely to elicit incriminating response. Applying

*Innis,* the *Jones* court held that audio tracks from DWI videotapes should not be suppressed unless the police conduct depicted expressly or impliedly calls for testimonial response not normally incident to arrest and custody or is con-

*Miranda* issue for the first time on appeal, nothing is preserved for review. Point six is overruled.

 Appellant's seventh point of error claims improper jury argument of such an inflammatory nature that it precludes the possibility of a cure. In this instance, appellant's counsel specifically objected to the State's comments about the parole system. He complained that the remarks were an appeal to the jury to base appellant's punishment upon the inadequacies of the parole system rather than upon the facts of the incident in question. Although the trial court sustained the objection, counsel did not follow up in the proper manner by moving for an instruction to disregard and for a mistrial. Accordingly, the error, if any, was waived. Point seven is also overruled.

The judgment of the trial court is affirmed.

duct the police should know is reasonably likely to elicit such a response. *Jones,* 795 S.W.2d 171. Our review of the record indicates that *Jones* controls here. Furthermore, there is no evidence that appellant's remarks were the product of custodial interrogation or that they were not freely and voluntarily given. Therefore, they are not protected by *Miranda.* *See Innis,* 446 U.S. at 300, 100 S.Ct. at 1689 (quoting *Miranda* 384 U.S. at 478, 86 S.Ct. at 1630).