NUMBER 13-00-075-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


__________________________________________________________________ 


JOSE RODRIGUEZ
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________ 


On appeal from the 156th District Court


of Live Oak County, Texas.


____________________________________________________________________ 


O P I N I O N



Before Chief Justice Seerden and Justices Dorsey and Yañez


Opinion by Chief Justice Seerden 



 Jose Rodriguez, appellant, was placed on deferred adjudication
community supervision for three years for the offense of possession of
marihuana, more than four ounces, less than five pounds, in 1997. The State
brought a motion to revoke community supervision in 1999. Appellant
pleaded true to the State's motion to revoke. After a hearing, the trial court
found the allegations true, revoked appellant's community supervision,
adjudicated him guilty, and sentenced him to two years in the State Jail and
a $4,000 fine. Appellant contends that the punishment was disproportionate
to the seriousness of the offense, in violation of the eighth and fourteenth
amendments of the United States Constitution. We overrule the issue and
affirm the conviction.

 At the hearing on punishment, Appellant did not object to the sentence. 
In order to preserve a complaint for appellate review, a party must have
presented the trial court with a timely request, objection, or motion stating the
specific grounds for the ruling he desired if those grounds were not apparent
from the context. Tex. R. App. P. 33.1(a)(1). Almost any right, constitutional
or statutory, may be waived by failure to make a timely and specific objection. 
Little v. State, 758 S.W.2d 551, 563 (Tex. Crim. App. 1988); Jones v. State,
825 S.W.2d 470, 472 (Tex. App.­Corpus Christi 1991, pet. ref'd). As a general
rule, an appellant cannot assert error pertaining to his sentence or punishment
when he failed to raise such error in the trial court. Mercado v. State, 718
S.W.2d 291 (Tex. Crim. App. 1986). This court has previously reached the
same conclusion when the defendant's contentions were not raised in either
a motion for new trial or by objection. Quintana v. State, 777 S.W.2d 474,
479 (Tex. App.­Corpus Christi 1989, pet. ref'd). 

 Appellant failed to raise this issue in the trial court and has not
preserved error. Tex. R. App. P. 33.1(a)(1). 


 Judgment of the trial court is affirmed. 



 

 ROBERT J. SEERDEN, Chief Justice



Do not publish
.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this 29th day of June, 2000.