NUMBER 13-98-639-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


GARY SALINAS
, Appellant,


v.



THE STATE OF TEXAS
, Appellee.

___________________________________________________________________


On appeal from the 94th District Court


of Nueces County, Texas.


____________________________________________________________________


O P I N I O N



Before Justices Seerden, Dorsey, and Kennedy(1)


Opinion by Justice Kennedy



 Appellant was indicted for capital murder and two counts of
attempted capital murder.(2)
 Based upon the jurors' answers in the
punishment phase, the court assessed punishment at confinement for
life in the first count for capital murder, and, also, confinement for life
in the second count.

 A summary of the evidence shows that on the occasion in
question, two brothers, who owned a convenience store, and an
employee were in the store when a young man with a bandana over his
face and holding a pistol entered the store and demanded money. The
young man was wearing a red sweatshirt with a hood. Even though
each of the brothers offered to comply with the robber's demands, the
robber proceeded to shoot both of them. One of the brothers died and
the other survived the shooting. Two witnesses saw a man wearing a
red warm-up top with a hood flee the store. The second witness to see
the man testified that he ran into a park and reappeared riding a red
bicycle. This witness saw a portion of the robber's face. He identified
appellant as the man he had seen fleeing the store, both in a photo line-up and in court.

 The police began a door-to-door search of the neighborhood and
located a red bicycle in the back yard of a home. They received
permission to search this home and found appellant trying to hide
under a bed. A red hooded sweatshirt was found in the home.

 Appellant gave a false name to the officer. He was taken into
custody and taken to jail to be fingerprinted. On the way to the jail he
said to the officers, "You got me."

 In the course of further investigation, the officer who had taken
over the investigation received notice that the eight-year old child(3) of the
woman whose house in which appellant was found was talking about
the occurrence in school. The officer questioned the child and the
interview was videotaped. During the interview, the child said several
things that implicated appellant in the robbery.(4) However, at trial he
said that he did not remember saying several things he had said during
the taping of his statement to the investigating officer.

 The child's videotape was introduced at trial to impeach his
courtroom testimony by showing a prior inconsistent statement. This
is the subject of appellant's one issue, which is:

 Whether the court erred in admitting into evidence a hearsay
statement of state's witness [the child] that was offered by
the state to impeach the witness


 The state argues that no proper objection was made to the
introduction of the child's statement. When the state first asked the
investigating officer, "Can you please tell us what [the child] said
regarding Gary taking his bicycle?" The officer replied, "Well basically
at first [the child] ­ ." At this time defense counsel said, "Objection,
Your Honor." The court then said, "Okay. It's covered under 801,
subsection E, subsection 1, exception to the rule. Have a seat."

 Appellant argues that he was cut off from saying any more by way
of an objection.(5) However, from the manner in which the court
reporter's notes indicate what happened, as stated above, verbatim, it
appears that defense counsel had made his only objection, i.e.,
"Objection, Your Honor." Following this exchange, the officer
summarized the tape and the prosecutor tendered the tape into
evidence. Defense counsel requested a hearing outside the jury's
presence, which was granted, and stated as follows to the court:

 Mr. Kolpack: Your Honor, the defense objects on the
basis that, No. one, [number one] the court
found that [the child] was competent to
testify and, in fact he did testify. The
witness, therefore, was available to the
court and to the jury. Due process and
confrontation issues will be violated here. 
We are unable to cross-examine as we were
able to before. We cannot cross-examine a
video. We are unable to object to the
leading questions which we anticipate are
on the video since we have seen the video,
and this is simply a bolstering of the
previous testimony that has gone on prior to
this offered evidence. The jury is able to
give weight to any previous testimony. This
­ this bolstering is inadmissible bolstering,
and we would ask that this matter be left
before the jury.


Also, defense counsel objected as follows:

 Mr. Kolpack: The statement is being offered, Your Honor,
not to impeach but to bolster. [The child]
did testify, although his testimony went
back and forth, his final testimony was
evident to the court.


Defense counsel then asked for a running objection which was denied
by the court. He then requested permission to make a bill at a later date
and permission was granted, however, the record does not show that
such a bill was ever made. At this point the tape was admitted into
evidence.

 Appellant argues that the proper predicate for impeachment of the
witness was not made under Rule 613(a) of the Texas Rules of
Evidence. This rule states as follows:

RULE 613. PRIOR STATEMENTS OF

 WITNESSES: IMPEACHMENT

 AND SUPPORT


 (a) Examining Witness Concerning Prior Inconsistent
Statement. In examining a witness concerning a prior
inconsistent statement made by the witness, whether
oral or written, and before further cross-examination
concerning, or extrinsic evidence of, such statement
may be allowed, the witness must be told the contents
of such statement and the time and place and the
person to whom it was made, and must be afforded an
opportunity to explain or deny such statement. If
written, the writing need not be shown to the witness
at the time, but on request the same shall be shown to
opposing counsel. If the witness unequivocally admits
having made such statement, extrinsic evidence of
same shall not be admitted. This provision does not
apply to admissions of a party-opponent as defined in
Rule 801(e)(2).


This point was not raised by appellant's objection at trial and is raised
on appeal for the first time. His claimed objection is miscited in his brief
by page and line. The objection made was the objection referred to
earlier. An appellate complaint that does not comport with the trial
objection presents nothing for review. Dixon v. State, 2 S.W.3d 263,
273 (Tex. Crim. App. 1999) on motion for rehearing. An error presented
on appeal will not be considered if it varies from the specific objection
made during trial. Jones v. State, 825 S.W.2d 470, 472 (Tex. App. ­
Corpus Christi 1991, pet refd.)

 We deny the relief sought in appellant's sole issue and AFFIRM
the judgment of the trial court.

 NOAH KENNEDY

 Retired Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed

this the 20th day of July, 2000.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief
Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann.
§74.003 (Vernon 1998).

2. The third count was not submitted to the jury.

3. Because of his age, this witness will be referred to in this opinion
as "the child."
4. Before the tape was tendered, in describing what was on the tape
the officer said: "Basically at the beginning of the tape identified him,
identified myself, we went through that. At one time [the child] told me
his mother would not want him to talk to me. I advised him that this
was a case where a murder had occurred and his mother would
probably want him to talk to me due to the severity of the case and then
he went on to say that on the night before Gary Salinas took his bike to
go do something at the Times Market. He went to get some beer and
that he was wearing a red tee-shirt with a hood on it, and we went on
to try to describe the red tee-shirt, and he ­ we asked him about if it
was a coat, a shirt, or something with a hood on it. He described a red
tee-shirt with a hood on it that was what Gary Salinas was wearing on
that night and that shortly after he took the bike he came running back,
entered the house through the back door and that he threw the red tee-shirt on a room that was attached to the house, and he had been found
in his mother's bedroom by the police."
5. Even if defense counsel was cut off in his first attempt to object,
the record shows, as hereinafter stated, two other opportunities for him
to make whatever objection he chose to make.