NUMBER 13-99-074-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


__________________________________________________________


CHARLES RANDOLF CURNUTTE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 156th District Court 


of Bee County, Texas.


___________________________________________________________________ 
 

O P I N I O N



Before Chief Justice Seerden, and Justices Dorsey and

Yañez

Opinion by Justice Yañez



 Appellant, Charles Randolf Curnutte, pleaded guilty on an open
plea to one count of felony aggravated sexual assault(1) and one count of
indecency with a child.(2) The trial court sentenced him to twenty years
confinement in the Institutional Division of the Texas Department of
Criminal Justice on each count, with the sentences to run concurrently. 
Appellant contends the punishment was disproportionate to the
seriousness of the offense, in violation of the eighth and fourteenth
amendments of the United States Constitution. We overrule the issue
and affirm the conviction.

 At the hearing on punishment, appellant did not state a specific
objection to the sentence on the grounds complained of on appeal. In
order to preserve a complaint for appellate review, a party must have
presented the trial court with a timely request, objection, or motion
stating the specific grounds for the ruling he desired if those grounds
were not apparent from the context. Tex. R. App. P. 33.1(a)(1). Almost
any right, constitutional or statutory, may be waived by failure to make
a timely and specific objection. Little v. State, 758 S.W.2d 551, 563
(Tex. Crim. App. 1988); Jones v. State, 825 S.W.2d 470, 472 (Tex.
App.--Corpus Christi 1991, pet. ref'd). As a general rule, an appellant
cannot assert error pertaining to his sentence or punishment when he
failed to raise such error in the trial court. Mercado v. State, 718
S.W.2d 291 (Tex. Crim. App. 1986). This Court has previously reached
the same conclusion when the defendant's contentions were not raised
in either a motion for new trial or by objection. Quintana v. State, 777
S.W.2d 474, 479 (Tex. App.--Corpus Christi 1989, pet. ref'd).

 Appellant failed to raise this issue in the trial court, and has thus
failed to preserve it for review. Tex. R. App. P. 33.1(a)(1). We overrule
the issue.

 The judgment of the trial court is affirmed.


 _________________________ LINDA REYNA YAÑEZ

 Justice


Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 31st day of August, 2000.

1. See Tex. Pen. Code Ann. § 22.021 (Vernon Supp. 2000). 
2. See Tex. Pen. Code Ann. § 22.11(a)(1), (c) (Vernon Supp. 2000).