NO. 07-03-0487-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



NOVEMBER 2, 2004



______________________________




JERMAINE PERRYMAN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-436535; HONORABLE BRADLEY S. UNDERWOOD, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ON MOTION FOR REHEARING


 On August 30, 2004, in a memorandum opinion we affirmed the revocation of
Jermaine Perryman's community supervision. (1) On September 27, 2004, appellant filed with
the clerk of this court an untitled document in the form of a handwritten letter which we
construe to be a Motion for Rehearing. 


 In the letter appellant informs us that he did not intend to appeal the revocation of
his community supervision, but instead intended to appeal the underlying conviction for
tampering with evidence. He argues there was insufficient evidence to support the
conviction and complains of ineffective assistance of counsel at trial. These issues were
presented by appellant in his response to the Anders brief filed by his appellate counsel
and were addressed in our August 2004 opinion. See Anders v. California 386 U.S. 738,
87 S. Ct. 1396, 18 L. Ed 2d 493 (1967). In his letter Perryman now also challenges the
sufficiency of the indictment. 

 As noted in our August 2004 opinion, (2) as a general rule, in an appeal of revocation
of community supervision, an appellant is precluded from raising claims concerning the
conviction that resulted in the trial court placing him on community supervision. Manuel v.
State, 994 S.W.2d 658, 661 (Tex.Crim.App. 1999). There are only two recognized
exceptions to this general rule, which have been called (1) the "void judgment" exception,
and (2) the "habeas corpus" exception. Nix v. State, 65 S.W.3d 664, 667 (Tex.Crim.App.
2001). Only the "void judgment" exception is relevant here. 

 A judgment is void when the trial court's judgment is considered a nullity due to a
complete lack of power to render the judgment in question. Id. at 667-68. A void judgment
may be attacked at any time. Ex parte Beck, 922 S.W.2d 181, 182 (Tex.Crim.App. 1996). 
A judgment for conviction of a crime is void when (1) the document purporting to be a
charging instrument does not satisfy the constitutional requisites of a charging instrument,
depriving the trial court of jurisdiction over the defendant, (2) the trial court lacks subject
matter jurisdiction over the offense charged, such as prosecuting an offense in the incorrect
court, (3) the record reflects there is no evidence to support the conviction, or (4) an
indigent defendant is required to face criminal trial proceedings without appointed counsel,
when the right to counsel has not been waived. Nix, 65 S.W.3d at 668. 

 Appellant alleges that the indictment is insufficient, but does not explain how the
indictment is deficient, and cites no authority to support his contention. The indictment
contained in the record generally tracks the language of Section 37.09(d)(1) of the Penal
Code with respect to the allegation on which appellant was convicted, and complies with
the requisites of Article 21.02 of the Code of Criminal Procedure. Tex. Pen. Code Ann. §
37.09(d)(1) (Vernon 2003); Tex. Crim. Proc. Code Ann. art. 21.02 (Vernon 1989). The
judgment of conviction is not void because of constitutional deficiencies in the indictment. 
See also Tex. Crim. Proc. Code Ann. art. 1.14 (Vernon Supp. 2004-2005) (If defendant
does not object to defect, error or irregularity of form or substance in indictment before the
date on which the trial on the merits commences, he waives and forfeits right to object and
may not raise objection on appeal); Duron v. State, 956 S.W.2d 547 (Tex.Crim.App. 1997).

 Appellant also alleges in his letter there was insufficient evidence to convict him of
the offense of tampering with evidence. For a judgment to be void on evidentiary grounds,
the record must show a complete lack of evidence to support the conviction, not merely
insufficient evidence. See Wolfe v. State, 560 S.W.2d 686, 688 (Tex.Crim.App. 1978). The
appellate record does not contain a reporter's record of the original hearing, nor does the
clerk's record contain a stipulation of evidence, but the clerk's record does contain a copy
of the judgment indicating that appellant entered a plea of guilty at the hearing. A guilty plea
constitutes some evidence for the purpose of determining if a judgment is void. Nix, 65
S.W.3d at 668 n.14; Ex Parte Williams, 703 S.W.2d 674, 682-83 (Tex.Crim.App. 1986). 
Because the guilty plea provides a measure of evidence, the judgment entered in the
underlying cause was not void because of a complete lack of evidence. 

 We find nothing in the record to indicate any other circumstances exist that would
make the judgment void. See Nix v. State, 65 S.W.3d at 668. Accordingly, the issues
appellant raises in his letter are not reviewable on his appeal of the order revoking
community supervision. See Manuel, 994 S.W.2d at 661. The only question presented in
an appeal from an order revoking community supervision is whether the trial court abused
its discretion in revoking the appellant's community supervision. Cardona v. State, 665
S.W.2d 492, 493 (Tex.Crim.App. 1984).

 For these reasons, appellant's motion for rehearing is overruled. 


 James T. Campbell

 Justice



 

Do not publish.



1. ' 
 
2. --- 
- 


 adverse ruling has
been immediately obtained. Id.; Moncrief v. State, 707 S.W.2d 630, 637-38
(Tex.Crim.App. 1986). And, in regard to the sequencing of requests for all available relief,
it has been held that the sequence of requesting a mistrial, which request was overruled,
followed by requesting an instruction to disregard which was granted was sufficient to
preserve error as to the failure to grant a mistrial. See Coe v. State, 683 S.W.2d 431, 436
(Tex.Crim.App. 1984).

 Mistrial is an extreme remedy which is appropriate only when the objectionable
event is so emotionally inflammatory that a curative instruction is not likely to prevent the
jury from being unfairly prejudiced against the defendant. See Bauder v. State, 921
S.W.2d 696, 698 (Tex.Crim.App. 1996). Testimony referring to extraneous offenses can
be rendered harmless by an instruction to disregard, unless it is so clearly calculated to
inflame the minds of the jury and is of such a nature as to suggest the impossibility of
withdrawing the impression produced. Kemp v. State, 846 S.W.2d 289, 308
(Tex.Crim.App. 1992); Huffman v. State, 746 S.W.2d 212, 218 (Tex.Crim.App. 1988). 
Generally, an instruction to disregard is sufficient to cure error when evidence of an
extraneous offense is placed before the jury in violation of a motion in limine. See Barney
v. State, 698 S.W.2d 114, 125 (Tex.Crim.App. 1985). In situations where the potential
harm can be cured by an instruction to disregard, the complainant must ask the court to
so instruct the jury; failure to request such an instruction is failure to preserve error. 
Gilchrest v. State, 904 S.W.2d 935, 938 (Tex.App.--Amarillo 1995, no pet.); Jones v.
State, 825 S.W.2d 470, 473 (Tex.App.--Corpus Christi 1991, pet. ref'd). We generally
presume the jury follows the trial court's instructions. See Waldo v. State, 746 S.W.2d
750, 752-53 (Tex.Crim.App. 1988). The presumption is rebuttable. See Colburn v. State,
966 S.W.2d 511, 520 (Tex.Crim.App. 1998). 

 C. Analysis

 The first alleged violation of appellant's motion in limine occurred during Bierman's
testimony. The prosecutor asked Bierman: 

 Q. When this first starts and you're on the ground and he's on top of you,
well, how does Jada come into the picture here? 

 A. He was hurting her daddy. It was - - 

Appellant's counsel objected to the testimony as "nonresponsive." (2) The court sustained
the objection, asked counsel to approach the bench, and admonished State's counsel that
further testimony should not include extraneous offenses. However, appellant's counsel
did not request the court to instruct the jury to disregard the statement, nor did he make
a motion for a mistrial. The failure to object on the basis that the evidence violated the
motion in limine, assuming it did, or to request an instruction to the jury to disregard is fatal
to urging error based on violation of the motion in limine or the evidentiary question itself. 
See TRAP 33.1(a)(1); Dixon, 2 S.W.3d at 265; Fuller, 827 S.W.2d at 926; Gilchrest, 904
S.W.2d at 938; Jones, 825 S.W.2d at 473.

 Bierman allegedly violated appellant's motion in limine a second time moments later. 
The prosecutor asked Bierman:

 Q. After this incident with your daughter, Jada, what - - what happened
then?

 A. I was pushing myself up. He got off me. And it happened real fast. 
He got up, went over there. I seen him kick Jada. 


Appellant's counsel made a general objection and the court sustained the objection. 
Appellant's counsel next made a general motion to strike the testimony, which the court
also granted. Finally, appellant's counsel made a motion for a mistrial, without stating the
basis for the motion, which the court denied. Appellant's counsel did not ask the court to
instruct the jury to disregard the offensive testimony. 

 Assuming, without deciding, that the testimony was inadmissible as evidence of an
extraneous offense as referenced in appellant's motion in limine, appellant did not advise
the trial judge that his motion for mistrial was based on violation of the order on his motion
in limine. Nor was the testimony such evidence that its effect could not have been cured
by an instruction to the jury to disregard. See Kemp, 846 S.W.2d at 308; Huffman, 746
S.W.2d at 218; Barney, 698 S.W.2d at 125. Error was not preserved as to the testimony
in the absence of a request that the trial court instruct the jury to disregard the testimony. 

 Appellant's counsel objected a third time when the following exchange took place
between Bierman and the prosecutor:

 Q. And who approximately is -- is around the scene at this point besides
yourself and Jada and Mr. Lusk? Are you the only three people there
at this point or are there any other parties? 

 A. No. His wife. 

 Q. Okay. And what happens at this point?

 A. She comes out of the house and wallops Jada in the ribs.


Appellant's counsel objected on the basis of relevancy. The jury was removed from the
courtroom at that point. Outside the jury's presence the trial court discussed its ruling on
appellant's motion in limine in some detail with the witness. The trial judge admonished
the witness to avoid any further references to injuries or assaults on anyone but himself. 
Appellant's counsel then specifically objected on the basis that the testimony involved
extraneous offenses, asked for an instruction that the jury disregard the testimony, and
moved for mistrial. Counsel did not advise the trial judge that the motion for mistrial was
based on violation of the order granting appellant's motion in limine. The trial court
sustained the objection to testimony, granted the request for an instruction to the jury, and
denied the motion for mistrial. 

 Again assuming, without deciding, that testimony about appellant's wife "walloping"
Jada was evidence of an extraneous offense as addressed by appellant's motion in limine,
the testimony as it related to appellant's guilt for assault on Bierman was not such that its
effect was incurable by the jury's being instructed to disregard it. See Kemp, 846 S.W.2d
at 308; Huffman, 746 S.W.2d at 218; Barney, 698 S.W.2d at 125. Thus, the instruction
to disregard cured the error, if any, of the jury's having heard the testimony. 

 Appellant's final complaint about testimony in violation of his motion in limine is
based on testimony from Jada Bierman. The following exchange took place between Jada
and the prosecutor:

 Q. Okay. You were trying to pull him off your dad. Were you successful
in that attempt?

 A. No. When I was pulling my dad - - when I was trying to pull him off
my dad - - when I was trying to pull him off my dad like that, he
backhanded me.

 

Appellant objected to testimony of an extraneous offense, moved to strike the testimony
and moved for a mistrial. The objection was sustained, the motion to strike was sustained
but the motion for mistrial was overruled. The trial court admonished Jada, outside the
presence of the jury, that she was not to testify about injuries to or assaults on anyone but
her father. 

 Counsel for appellant did not make a motion to the court to instruct the jury to
disregard the testimony. The testimony as it related to appellant's guilt for assault on
Bierman was not such that its effect was incurable by the jury's being instructed to
disregard it. See Kemp, 846 S.W.2d at 308; Huffman, 746 S.W.2d at 218; Barney, 698
S.W.2d at 125. Error was not preserved as to the effect on the jury of the testimony. See
Gilchrest, 904 S.W.2d at 938; Jones, 825 S.W.2d at 473. 

 In addition to the objections and motions addressing Jada's testimony, however,
appellant's counsel also specifically addressed the repetitive manner in which witnesses
testified about what counsel and the trial court considered extraneous offenses. Counsel
questioned whether, in light of the numerous references by witnesses to "extraneous
offenses," the State had even discussed the court's ruling with its witnesses. Counsel then
moved for a mistrial because of the cumulative effect of the serial insertion of objectionable
testimony in violation of the court's ruling on his motion. The motion was denied.

 Appellant asserts, in part, that because one of the jurors stated during voir dire that
"If [the assault] was against his [referring to appellant's] spouse or girlfriend or children,
he's dead meat in my book," that the testimony of which he complains was of such
character as to suggest it would be impossible to remove the harmful impression from the
juror's mind. 

 The context of the juror's response in voir dire, however, would support a conclusion
by the trial court that the juror was referring to an assault against appellant's spouse or
girlfriend or children. Appellant was not charged with assaulting his spouse, girlfriend or
children. Nor did the testimony of which he complains concern an assault against
appellant's spouse, girlfriend or children. Rather, the testimony complained of concerned
an alleged assault against the victim's child, even though it was referred to and treated as
an "extraneous offense." The juror's statement during voir dire is not of such character that
it rebuts the presumption that an instruction to disregard by the trial court was not, or would
not have been, followed by the jury. See Waldo, 746 S.W.2d at 754. Moreover, appellant
did not specifically reference the juror's statement in urging his motions for mistrial to the
trial court; he referenced the general effect of the testimony of which he complains, and
the multiple violations of the court's order on his motion in limine. See TRAP 33.1(a)(1). 

 The issue on appeal is whether the trial court abused its discretion in failing to grant
a mistrial because the State did not approach the bench prior to testimony of extraneous
offenses being elicited in front of the jury. The trial court has broad discretion in controlling
the trial conduct of counsel, parties and witnesses. In the matter before us, the trial court
granted each objection and motion made by appellant in regard to testimony forming the
basis of his appellate issue, except for declaring a mistrial. The trial court's remedy of
instructing the jury to disregard the testimony objected to and admonishing State's counsel
and the witnesses was one of the broad range of remedies available to the trial court in
exercising its discretion as to conduct of the trial. Given the nature of the evidence, the
manner in which it was elicited or blurted out by the witnesses, the trial court's response
to appellant's objections and motions, and the record as a whole, we cannot say that the
trial court's refusal to utilize the specific remedy of declaring a mistrial was outside the
zone of reasonable judicial disagreement. See Montgomery, 810 S.W.2d at 391. Thus,
the trial court did not abuse its discretion in refusing to declare a mistrial. Appellant's
issue is overruled. 

CONCLUSION

 Appellant's sole issue having been overruled, the judgment is affirmed.



 Phil Johnson

 Justice


Publish. 
1. Further reference to a Rule of Appellate Procedure will be by reference to
"TRAP_."
2. Appellant's brief quotes prior testimony by Bierman that appellant shoved Jada
against the house and she fell down. That testimony was not timely objected to. See
TRAP 33.1(a)(1).