**Roy (Rogelio) CANNADY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–037–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 20, 1992.

Arnold J. Aguilar, Brownsville, for appellant.

Luis V. Saenz, Brownsville, for appellee.

Before NYE, C.J., and SEERDEN and GERALD T. BISSETT[1], JJ.

## OPINION

NYE, Chief Justice.

A jury found appellant, Roy Cannady, guilty of robbery, and the trial court assessed as punishment twenty years' confinement in the Texas Department of Criminal Justice, Institutional Division. Appellant appeals by five points of error. We affirm.

Jason Jensen testified that in December, 1989, he was at Fred's Drive–In, putting air into a flat tire on his bicycle. Appellant came up behind Jason and told him that the bike was his. Appellant grabbed the bike and hit Jason on the back of his head and on his neck. Appellant tried to take the bike, but Jason pulled the bike towards the store. Appellant's friends surrounded Jason, and appellant and his friends repeatedly hit Jason on his head and back. Appellant let go of the bike, and Jason took it inside the store. Appellant followed Jason into the store and hit him in the mouth. During the incident, Jason received bruises

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. ⸱ Gov't Code Ann. § 74.003 (Vernon 1989).

to his head, back, chest, and neck. His lower lip was swollen. Jason testified that his mother bought him the bike for around $350 and that appellant did not gain possession of the bicycle from himself (Jason).

Appellant gave a written confession in May, 1990, which was introduced at his trial. In the statement appellant admitted that he saw a "young Anglo guy" putting air into his bike tire. Appellant had a bike just like the one that the guy had, but his had been stolen. Appellant asked the guy what kind of bike his was and where he got it. The guy said that he got the bike in Los Vecinos. The guy started to leave, and appellant grabbed the bike. The guy swung at him, and appellant started hitting him. Appellant followed the guy into the store. Inside the store, appellant started hitting him again. Appellant admitted that he started the fight.

At trial, appellant testified that he believed Jason's bike was his. Appellant said that he saw Jason with a bike at the air pump. He told Jason that he had a bike like the one Jason was putting air into, but that his bike had been stolen. Appellant asked him where he got the bike, and Jason said that he got it from someone who steals bikes. Appellant wanted to see the bike and grabbed it, but Jason hit him in the face, knocking him down. Appellant returned the blow and tried to grab the bike. One of appellant's friends started hitting Jason, and Jason ran inside the store. Appellant followed him into the store, but Jason still would not let him see the bike. Appellant testified that he had no intention to steal the bike and that he hit Jason because Jason hit him.

■ By point three, appellant challenges the sufficiency of the evidence to support his conviction. In reviewing the sufficiency of the evidence, we must determine whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim.App.1989). We must take each case and review all the evidence to determine whether the State

has proven beyond a reasonable doubt each and every element of the alleged crime and not just a plausible explanation of the crime. *Butler,* 769 S.W.2d at 239. The charge's application portion stated, in relevant part:

Now if you find from the evidence beyond a reasonable doubt that on or about the 10th day of December, 1989 in Cameron County, Texas, the defendant, Roy Cannady, did then and there unlawfully, intentionally or knowingly in the course of committing theft and with intent to obtain and maintain control of the property, cause bodily injury to Jason Jenson [sic] by striking Jason Jenson [sic] on the back and face, then you will find the defendant guilty of Robbery as charged in the indictment.

■ The evidence showed that appellant grabbed Jason's bike and tried to take it from him. During the incident, Jason received bruises to his back. Appellant also hit Jason in the mouth. Jason testified that his mother bought him the bicycle. Even though appellant did not gain possession of the bicycle from Jason, this is not necessary in order to be convicted of robbery. *See* Tex.Penal Code Ann. § 29.-02(a)(1) (Vernon 1989). *See White v. State,* 671 S.W.2d 40, 41 (Tex.Crim.App.1984) (holding that no completed theft is required in order to constitute robbery). Viewing the evidence in the light most favorable to the prosecution, we conclude that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

■ By point two, appellant complains that the trial court erred in admitting his written confession into evidence because it was obtained through duress and in violation of his right to counsel. During trial, a hearing was held on appellant's motion to suppress his confession. After hearing the evidence, the trial court found that the confession was freely and voluntarily given. Appellant responded, "To which we object, Your Honor." The trial court noted the objection. The trial resumed, and the State offered the confession into evidence. Appellant said, "Just noting my prior objec-

tion to it, Judge." The trial court said that the State needed to get the "voluntariness and all that" before the jury and sustained on the basis of improper predicate. Later, the State again offered the confession into evidence, and appellant said, "Just renew my objection, Your Honor." The trial court overruled the objection and admitted the confession into evidence.

In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling it desired the court to make if the specific grounds were not apparent from the context. TEX.R.APP.P. 52(a); TEX. R.CRIM.EVID. 103(a)(1). The record does not include a copy of appellant's motion to suppress the confession. Appellant had the burden to see that a sufficient record was presented to show error requiring reversal. TEX.R.APP.P. 50(d). Here, appellant's objections did not state the specific grounds for the ruling he desired the trial court to make. Therefore, nothing is preserved for our review. Even if the complaint had been preserved, the evidence showed that the police officer who took the confession testified contrary to appellant's complaints raised on appeal. The trial court was justified in finding that the confession was freely and voluntarily given and that it was not obtained in violation of appellant's right to counsel.

By point five, appellant complains that the trial court erred in not dismissing the indictment because the indictment did not state the instrument which he allegedly used to cause bodily injury to Jason Jensen. Appellant's motion to quash did not attack the indictment on this basis. Nothing is preserved. TEX.R.APP.P. 52(a); TEX. R.CRIM.EVID. 103(a)(1).

By point four, appellant complains that the charge did not apply the law to the facts concerning: (1) the manner and means by which he allegedly struck the complainant; (2) the instrument which he allegedly used to injure the complainant; and (3) the necessity of finding that he knowingly and intentionally was in the course of committing theft, notwithstand-

ing that he believed the bicycle was his. Appellant did not object to the charge.

A charge, rather than state mere abstract propositions of law and general statements of principles contained in the statutes, must clearly apply the law to the very facts of the case. *Hill v. State,* 640 S.W.2d 879, 883 (Tex.Crim.App.1982); *Harris v. State,* 522 S.W.2d 199, 202 (Tex.Crim. App.1975). The indictment gave appellant notice of the alleged offense, and he did not object on the grounds that it did not allege manner and means, or the instrument used. The charge's application portion, *supra,* applied the language of the indictment to the facts of the case. It also required the jury to find that appellant caused bodily injury to Jason Jensen before they could find him guilty of robbery. The manner and means, or the instrument used to cause the bodily injury, were not significant to the charge.

Concerning appellant's belief that the bicycle was his, the application portion required the jury to find that appellant was in the course of committing theft before they could find him guilty of robbery. The charge also instructed the jury that if they found from the evidence that at the time appellant attempted to take the property in question, he acted under a mistake of fact, that is, a reasonable belief that it was his property, or if they had a reasonable doubt thereof, they had to find him not guilty. We find no error in the charge.

By point one, appellant contends that the State's conduct denied him his right to a fair and impartial trial. Through eight subpoints, he cites numerous instances of alleged misconduct. By subpoint A, he complains that the State in its closing argument made references to extraneous offenses. Appellant's objection to these remarks does not comport with the point of error raised on appeal and preserves nothing for review. *Drew v. State,* 743 S.W.2d 207, 220 (Tex.Crim.App.1987); *Hinojosa v. State,* 788 S.W.2d 594, 599 (Tex.App.—Corpus. Christi 1990, pet. ref'd).

By subpoint B, appellant complains that the State asked questions which violated his rights under the Fifth Amendment and Article 1, § 10 of the Texas Constitu-

tion. By subpoint D, he complains that the State asked questions which shifted the burden of proof to him. By subpoint F, he complains that the State made personal attacks on his defense counsel. By subpoint G, he complains that the trial court erred by denying his request for a mistrial, which forced him to make repeated objections and requests for mistrials relating to other State's remarks. By subpoint H, he complains that the trial court erred in allowing the State to lead its witnesses, in violation of TEX.R.CRIM.EVID. 610. The proper method of pursuing an objection until an adverse ruling is obtained is to: 1) make an objection; 2) request an instruction to disregard; and 3) move for a mistrial. *Fuentes v. State*, 664 S.W.2d 333, 336 (Tex.Crim.App.1984); *Vela v. State*, 771 S.W.2d 659, 662 (Tex.App.—Corpus Christi 1989, pet ref'd). In each instance, appellant did not pursue his objection until an adverse ruling was obtained. Nothing is preserved.

By subpoint C, appellant complains that the State implied his guilt by virtue of his association with other persons. The State called Felipe Mendoza, who testified that appellant and two others assaulted him. Appellant did not object that the State was inferring his guilt by association. Nothing is preserved. TEX.R.APP.P. 52(a); TEX. R.CRIM.EVID. 103(a)(1).

 By subpoint E, appellant complains that the State's attorney made sidebar remarks and other remarks, which gave the State's opinion about the case and injected inadmissible evidence. During its closing argument, the State argued to the jury that in order for them to return a not-guilty verdict, they would have to believe that its witnesses had lied and that appellant had told the truth. The State also argued that appellant had lied when he said in his confession and on the witness stand that the bicycle was his. No objection was made to these remarks. Generally, a failure to object to impermissible jury argument waives any error unless the State's argument is so egregious that no instruction to disregard could possibly cure the harm. *Willis v. State*, 785 S.W.2d 378, 385

(Tex.Crim.App.1989). In making the determination of whether a statement is manifestly improper, harmful, and prejudicial, courts look at the record as a whole. *Willis*, 785 S.W.2d at 385. Here, the remarks were not manifestly improper, did not violate a mandatory statute, and did not inject new facts, harmful to appellant.

During its closing argument, the State called appellant a snake and said that appellant and his attorney conducted a poor investigation. Appellant did not pursue an objection until an adverse ruling was obtained. Concerning the alleged sidebar remarks, appellant either did not state a specific objection, or did not pursue an objection until an adverse ruling was obtained. Therefore, these complaints are not preserved for our review. We have carefully considered all of appellant's arguments, and they are overruled.

The trial court's judgment is AFFIRMED.