**Amado Barron ESTRADA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–96–023–CR.**

Court of Appeals of Texas,
Corpus Christi.

May 29, 1997.

the evidence under both the legal and factual sufficiency standards.

### *Legal Sufficiency*

Gary A. Ortega, Robert H. Moore, Jr., Asst. County (Crim. Dist.) Attorney, Brownsville, for appellant.

Yolanda De Leon, District Attorney, Brownsville, for appellee.

Before DORSEY, FEDERICO G. HINOJOSA, Jr. and RODRIGUEZ, JJ.

---

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

A jury found appellant, Amado Barron Estrada, guilty of aggravated assault, and the court assessed his punishment at twenty years' imprisonment. By a single point of error, appellant contends that the evidence is factually insufficient to support the jury's verdict. We affirm.

■ The charge, which properly tracked the indictment, authorized the jury to convict appellant of aggravated assault if it found beyond a reasonable doubt that appellant unlawfully, intentionally, or knowingly caused bodily injury to Mack Sanchez with a deadly weapon, *i.e.*, a firearm. Although appellant's complaint is that the evidence is factually insufficient to support the verdict, he prays that we reverse the conviction, and release him. If the evidence is factually insufficient, however, appellant is only entitled to a new trial. *Clewis v. State,* 922 S.W.2d 126, 133 (Tex.Crim.App.1996). Because appellant prays for the relief appropriate when evidence is legally insufficient, we will review

■ When we review a legal sufficiency of the evidence point of error, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Patrick v. State,* 906 S.W.2d 481, 486 (Tex.Crim.App.1995); *Turro v. State,* 867 S.W.2d 43, 46–47 (Tex.Crim.App.1993); *Arceneaux v. State,* 803 S.W.2d 267, 269 (Tex. Crim.App.1990). The standard is the same for both direct and circumstantial evidence cases. *Earhart v. State,* 823 S.W.2d 607, 616 (Tex.Crim.App.1991), *cert. denied,* 513 U.S. 966, 115 S.Ct. 431, 130 L.Ed.2d 344 (1994); *Sutherlin v. State,* 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984); *Vela v. State,* 771 S.W.2d 659, 660 (Tex.App.—Corpus Christi 1989, pet. ref'd). We measure the legal sufficiency of the evidence against the indictment as incorporated into the jury charge. *Fisher v. State,* 887 S.W.2d 49, 55 (Tex.Crim.App. 1994); *Benson v. State,* 661 S.W.2d 708, 715 (Tex.Crim.App.1982)(opinion on rehearing), *cert. denied,* 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372 (1984).

■ On the evening of September 3, 1995, Mack Sanchez was on a vacant lot which is owned by his parents and is across the street from his parents' house. Sanchez's wife, Christina, his sister Liliana, and Eulalio Mendez were with Sanchez. They were drinking, talking, and listening to music. At approximately 8:30 p.m., they noticed that a black pickup truck stopped in front of the home of Pedro Estrada, Sr. ("Pico") and that Pico got out. Because Liliana was interested in buying a car from Pico, Sanchez called him over to the lot. Pico stayed to talk and drink. Sometime later, the black pickup stopped in front of the lot, and Sanchez approached to see what the driver needed. Appellant, the driver, explained that he was looking for Pico. Sanchez testified that he responded, "Que quieres con ese buey?"[1]

1. We translate the question as "What do you want with that ox?"

Appellant was offended and told Sanchez not to insult his brother that way. Sanchez testified that he tried to apologize, but that as he walked off to find Pico, appellant continued to rage at him. However, appellant's girlfriend, Amy Aviles, testified that Sanchez appeared to be drunk, and that he was yelling obscenities.

Pico then went to the truck and argued with appellant. Sanchez, believing he was the problem, again attempted to apologize. Pico told Sanchez that everything was alright, that he would take care of the situation, and that Sanchez should rejoin the group. Shortly thereafter, appellant drove off. Subsequently, Pico returned to his house, more people arrived at the lot, and the women moved to the Sanchez house.

Sometime after 11:30 p.m., appellant returned to Pico's house. His nephew, Pedro Estrada, Jr., walked over to the lot and wanted to know what Sanchez had done to anger his uncle. Sanchez then noticed that appellant was approaching the group angrily with his fists clenched. Sanchez and Eulalio Mendez testified that appellant began again to rage at Sanchez for insulting his brother. Sanchez tried to apologize, but appellant would not accept the apology. In frustration, Sanchez approached appellant and asked him if he wanted to fight. Appellant pulled a gun from beneath his shirt and fired one shot at the ground near Sanchez's feet. Two more shots were rapidly fired, hitting Sanchez in the earlobe and grazing his neck.

We conclude that any rational trier of fact could have found the essential elements of the offense of aggravated assault beyond a reasonable doubt. We hold that the evidence is legally sufficient to support appellant's conviction.

### Factual Sufficiency

When we review a factual sufficiency of the evidence point of error, we review all of the evidence, whether favorable to the verdict or not, and set aside the verdict only if it is so against the overwhelming weight of the evidence that it is manifestly unjust and clearly wrong. *Clewis*, 922 S.W.2d at 133–34.

An appellate court cannot substitute its conclusions for those of the jury. *Van Zandt v. State*, 932 S.W.2d 88, 96 (Tex. App.—El Paso 1996, pet. ref'd). It is not within the province of an appellate court to interfere with the jury's resolution of conflicts in the evidence or to pass on the weight or credibility of the witness's testimony. *Van Zandt*, 932 S.W.2d at 96. Where there is conflicting evidence, the jury's verdict on such matters is generally regarded as conclusive. *Id.*

Appellant's police statement, given at the time of his arrest, proclaimed that he was not involved in the shooting, that he had been at the house of Acension Sanchez at the time of the shooting, and that Rolando Diaz had been driving his truck. Appellant's witnesses, however, stated positively that appellant was involved in the shooting.

Appellant's nephew, Eric Estrada, testified that he was at the lot when the shooting occurred. Estrada said that appellant and Sanchez argued. Sanchez swung a beer bottle at appellant, who then shot at the ground near Sanchez's feet. Sanchez continued to go at appellant with the beer bottle, and appellant hit him on the side of the head with the gun. The gun accidently discharged and a bullet struck Sanchez in the neck.

Appellant's girlfriend, Amy Aviles, testified that she did not see the shooting, but that appellant gave her the gun afterwards. She claimed that the gun, a nine millimeter pistol, held six rounds and that she unloaded four live shells from the gun. Aviles also testified that one of appellant's brothers went to the lot and picked up two spent shells. Aviles admitted that she threw away the shells and that appellant's nephew sold the gun.

Given the fact that appellant initially denied involvement in the shooting, that Eric Estrada's testimony was, at times, confusing, and that Amy Aviles destroyed evidence, the jury could have properly chosen to disbelieve appellant's version of events. We conclude that the verdict is not against the overwhelming weight of the evidence and is not manifestly unjust and clearly wrong. We hold that the evidence is factually sufficient to support the jury's verdict.

Having found the evidence to be legally and factually sufficient to support the verdict, we overrule appellant's sole point of error. We affirm the judgment of the trial court.