Evans v. SOT







NUMBER 13-01-00326-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 

GARY GLENN EVANS, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 

On appeal from the 36th District Court of San Patricio County, Texas.

 

MEMORANDUM OPINION


Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Hinojosa


A jury found appellant, Gary Glenn Evans, guilty of the offense of possession of more than one gram but less than four
grams of heroin. Appellant pleaded true to the enhancement paragraphs in the indictment alleging two prior felony
convictions, and the trial court assessed his punishment at thirty years imprisonment. By two points of error, appellant
contends the evidence is legally and factually insufficient to support his conviction. We affirm.

As this is a memorandum opinion not designated for publication and the parties are familiar with the facts, we will not
recite them here. See Tex. R. App. P. 47.1.

A. Legal Sufficiency

By his second point of error, appellant contends the evidence is legally insufficient to support his conviction. When we
review the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to determine
whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The standard is
the same for both direct and circumstantial evidence cases. Earhart v. State, 823 S.W.2d 607, 616 (Tex. Crim. App. 1991);
Vela v. State, 771 S.W.2d 659, 660 (Tex. App.--Corpus Christi 1989, pet. ref'd). 

The jury, as the trier of fact, may use common sense and apply common knowledge, observation, and experience gained in
ordinary affairs when giving effect to the inferences that may be reasonably drawn from the evidence. Booker v. State, 929
S.W.2d 57, 60 (Tex. App.--Beaumont 1996, pet. ref'd). As fact finder, the jury is the exclusive judge of the credibility of
witnesses and the weight to be afforded their testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1981); Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The jury is free to accept one version of the facts, reject another, or
reject all or any of a witness's testimony. Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). Simply
because the defendant presents a different version of the facts does not render the State's evidence insufficient. Anderson v.
State, 701 S.W.2d 868, 872 (Tex. Crim. App. 1985).

After reviewing the evidence, we hold that any rational trier of fact could have found the essential elements of the offense
of possession of more than one gram but less than four grams of heroin beyond a reasonable doubt. We hold the evidence
is legally sufficient to support appellant's conviction. Appellant's second point of error is overruled.

B. Factual Sufficiency

By his first point of error, appellant contends the evidence is factually insufficient to support his conviction. When we
review the factual sufficiency of the evidence, we review all of the evidence and set aside the verdict only if (1) the
evidence is so weak as to be clearly wrong and manifestly unjust or (2) the verdict is against the great weight of the
evidence. Johnson, 23 S.W.3d at 11. We are not bound to view the evidence in the light most favorable to the prosecution,
and may consider the testimony of all the witnesses. Id. at 10-12. Disagreeing with the fact finder's determination is
appropriate only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice;
otherwise, due deference must be accorded the fact finder's determinations, particularly those concerning the weight and
credibility of the evidence. Id.

After reviewing all the evidence, we conclude that the verdict is not so against the overwhelming weight of the evidence
that it is manifestly unjust and clearly wrong. We hold the evidence is factually sufficient to support appellant's conviction. 
Appellant's first point of error is overruled.

We affirm the trial court's judgment.

FEDERICO G. HINOJOSA

Justice



Do not publish. Tex. R. App. P. 47.3.

Opinion delivered and filed this the

21st day of March, 2002.