NUMBER 13-00-417-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________



QUENTIS RAY ROPER , Appellant,



v.



THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the Criminal District Court No. 4 

of Dallas County, Texas.

__________________________________________________________________



MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Rodriguez




 Following a trial to the jury, appellant, Quentis Ray Roper, was convicted of theft over $100,000.00 by a public servant. 
By five issues, appellant generally contends: (1) the evidence is both legally and factually insufficient; (2) the trial court
erred in overruling an objection to the relevancy of a question; (3) the trial court erred by excluding certain witness
testimony; and (4) a reversal of the judgment is warranted based on a missing jury note from the reporter's record. We
affirm.

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. See Tex. R.
App. P. 47.4.

I. Sufficiency of Evidence

 By his first and second issues, appellant contends the evidence was both legally and factually insufficient to support his
conviction for theft over $100,000.00 by a public servant.

A. Legal Sufficiency

 In reviewing legal sufficiency, we look at all of the evidence in the light most favorable to the verdict to determine whether
any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002). As fact finder, the jury
is the exclusive judge of the credibility of the witnesses and the weight to be afforded to their testimony. Chambers v.
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The jury may use common sense and apply common knowledge,
observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may be
reasonably drawn from the evidence. Booker v. State, 929 S.W.2d 57, 60 (Tex. App.-Beaumont 1996, pet. ref'd). In
conducting our analysis, we may not re-weigh the evidence and substitute our judgment for that of the jury. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). The standard is the same for both direct and circumstantial evidence cases. 
Kutzer v. State, 994 S.W.2d 180, 184 (Tex. Crim. App. 1999); Vela v. State, 771 S.W.2d 659, 660 (Tex. App.-Corpus
Christi 1989, pet. ref'd).

 Appellant argues that the evidence is legally insufficient because: (1) the State failed to prove that appellant did not have
the right to seize the money based on the belief that it was illegal drug money; and (2) the victims were not "owners" of the
property after appellant seized the money. We find these arguments are without merit.

 The State was under no obligation to prove appellant did not have a legal right to seize the money under the forfeiture of
contraband statute. See Tex. Pen. Code Ann. §§ 31.03(a), (f)(1), 31.09 (Vernon 2003); see also Tex. Code Crim. Proc.
Ann. arts. 59.02-.14 (Vernon Supp. 2003). If appellant wanted to present this argument to the jury as a defense, he was free
to do so. However, the record does not support any attempt by appellant to use this argument as a defense. 

 Appellant also argues that if the State's evidence is believed, he could not be guilty of theft from the victims, as stated in
the indictment, because they were not owners of the property at the time it was seized. However, under the forfeiture
statute an "owner" is defined as "a person who claims an equitable or legal ownership interest in property." Tex. Code
Crim. Proc. Ann. art. 59.01 (Vernon Supp. 2003). The rights of the owner do not change until after a forfeiture proceeding
where it is determined that the property is subject to forfeiture. See id. arts. 59.02(d), 59.05(b). In this case, all of the
victims claimed either equitable or legal ownership over the items taken by appellant. None of the victims had a forfeiture
proceeding to determine whether their property was subject to forfeiture. Thus, the victim's legal or equitable ownership
rights over the property taken by appellant never ceased to exist. 

 The State was required to prove appellant: (1) unlawfully; (2) appropriated property in an amount greater than
$100,000.00, but less than $200,000.00; (3) with intent to deprive the owner of the property; (4) pursuant to one scheme or
continuing course of conduct; and (5) was, at the time of the theft, a public servant who came into possession of the
property by virtue of his status as a public servant. See Tex. Pen. Code Ann. §§ 31.03(a), (f)(1), 31.09. Appropriation is
unlawful when the owner has not given effective consent. Id. § 31.03(b)(1) (Vernon 2003). Consent is not effective when
it is induced by deception which occurs when a person creates or confirms by words or conduct a false impression of law or
fact that will likely affect the other's judgment in a transaction, and which the person does not believe to be true. Id. §
31.01(1)(A), (3)(A) (Vernon 2003).

 The evidence shows that appellant arrested the victims and took their property under the guise that he was seizing the
property under article 59.02 of the code of criminal procedure. (1) See Tex. Code Crim. Proc. Ann. art. 59.02. The evidence
further shows that none of the victims knowingly consented to giving appellant their money. The amount of money taken
by appellant was greater than $100,000.00, (2) but less than $200,000.00, and appellant's conduct was pursuant to one
scheme or continuing course of conduct.

 Looking at the evidence in the light most favorable to the verdict, Vasquez, 67 S.W.3d at 236, we find the evidence is
legally sufficient to support the conviction. See Tex. Pen. Code Ann. §§ 31.03(a), (f)(1), 31.09. Appellant's first issue is overruled.



B. Factual Sufficiency

 In evaluating the factual sufficiency of the evidence, this Court must complete a neutral review of all the evidence. 
Vasquez, 67 S.W.3d at 236; King, 29 S.W.3d at 563. Weighing all of the evidence, we must then determine whether the
proof of guilt is so weak as to undermine confidence in the fact finder's determination or whether the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. King, 29 S.W.3d at 563; Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). However, we are not free to re-weigh the evidence and set aside a jury verdict
merely because we feel a different result is more reasonable. See King, 29 S.W.3d at 563. Only when this Court
determines that the verdict is against the great weight of the evidence presented at trial so as to be clearly wrong and unjust
can we set aside a verdict for factual insufficiency. Santellan v. State, 939 S.W.2d 155, 164-65 (Tex. Crim. App. 1997). A
clearly wrong and unjust verdict is "manifestly unjust," "shocks the conscience," or "clearly demonstrates bias." Rojas v.
State, 986 S.W.2d 241, 247 (Tex. Crim. App. 1998); Santellan, 939 S.W.2d at 165.

 Appellant contends that the evidence is factually insufficient because: (1) the evidence presented was solely from
convicted drug dealers; and (2) appellant had the right to seize the property as contraband. However, appellant has failed to
provide any authority supporting these arguments. See Tex. R. App. P. 38.1(h) (brief must contain clear and concise
arguments for contentions made, with appropriate citations to authorities and to record). We will not make appellant's
arguments for him and, thus, we hold this issue to be inadequately briefed. See Tong v. State, 25 S.W.3d 707, 710 (Tex.
Crim. App. 2000); Wyatt v. State, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000). Appellant's second issue is overruled.

II. Appellant's Relevancy Objection

 By his third issue, appellant contends the trial court erred in overruling his relevancy objection to testimony from a State's
witness. 

 Evidence is relevant if it has any tendency to make the existence of any fact of consequence to a case more or less probable
than it would be without the evidence. See Tex. R. Evid. 401. Questions of relevance should be left largely to the discretion
of the trial court, relying on its own observations and experience, and will not be reversed absent an abuse of discretion. 
Goff v. State, 931 S.W.2d 537, 553 (Tex. Crim. App. 1996). A trial court abuses its discretion when it acts without
reference to any guiding rules or principles, or in other words, when the court acts arbitrarily or unreasonably. Lyles v.
State, 850 S.W.2d 497, 502 (Tex. Crim. App. 1993). 

 Appellant argues the trial court erred in failing to sustain his objection to Sergeant Kenneth LeCesne's testimony
concerning claims of stolen property leveled against officers who routinely seize drugs and money. The relevant exchange,
with appellant's objection and the trial court's ruling, is as follows:

 


 In all your years of enforcing drug laws, do you have any idea how many arrests you have made?


 


 I have probably arrested close to 1000 people in the 12 years in narcotics. . . .


 


 Okay. Any idea of how much money you may have seized through all these years?


 


 Personally I can't take the credit for seizing the money. It's the detectives that worked for me. Since last year '99, the
task force alone has seized in excess of two million dollars. That's just the people from the task force that I actually
supervise.


 


 Okay. And how many times have you or people you supervise ever been accused of stealing any money?


Appellant's Attorney: I'm going to object to the relevance of what has happened to this person and then also to the global
nature of the question, in that this person is being asked to talk about everybody else in his task force.

The Court: Your objection is overruled. Go ahead.

 


 In my experience I have never been accused of ever taking any money from any drug dealer, by any drug dealer or by
anyone else, and none of the people that work for me - - none of the people that I have ever supervised has [sic] ever
been accused of stealing any drug dealer's money. It's never happened.




Appellant's purported defense throughout the trial was that the claims made against him were false. He denied that he stole
money from any of the named complainants in the indictment. Appellant put on defense witnesses who testified that
"chasing dope" can subject an officer to complaints and accusations of theft. Appellant also testified that he had been
threatened by one of the complainant's girlfriends, Josey Rodriguez, who stated, "I know how to take care of you." 
Appellant testified that he dismissed this threat as "part of the dope chasing game." With Sergeant LeCesne's testimony,
the State attempted to rebut the defensive theory that large volume narcotics arrests lead to false claims of theft against
police officers. Thus, this evidence was relevant and admissible as rebuttal testimony. See Tex. R. Evid. 401. We find the
trial court did not abuse its discretion in overruling appellant's objection. Appellant's third issue is overruled.



III. State's Hearsay Objection

 By his fourth issue, appellant contends the trial court erred in excluding testimony of a defense witness based on
inadmissible hearsay.

 An appellate court reviews a trial court's decision to exclude evidence under an abuse of discretion standard. Burden v.
State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). A trial court abuses its discretion when it acts without reference to any
guiding rules or principles, or in other words, when the court acts arbitrarily or unreasonably. Lyles, 850 S.W.2d at 502.

 During the punishment phase of the trial, appellant attempted to elicit testimony from Patriece Alexander regarding threats
she heard Josey Rodriguez make toward appellant. During the course of Alexander's testimony, the following exchange
occurred:

 


 I'm going to refer you to early 1998. A drug court examining trial [sic] - I mean, you may or may not know the names of
the people. But if you do, that's fine [sic]. Do you what [sic] - was [appellant] down here testifying in an examining
trial?


 


 Yes.


 


 Do you know the names of the people?


 


 No.


 . . . .

 


 And did you meet up with [appellant] out in the hallway outside the courtroom?


 


 Yes.


 


 What did you hear?


State's Attorney: Objection. Hearsay.

Trial Court: Sustained.

Appellant later made an offer of proof in which he stated the following would have been elicited from Alexander had the
trial court properly overruled the State's objection of hearsay: "She would testify that she was present with [appellant] in
January of '98 at the time in which there was an examining trial where she personally observed the threats or personally
heard the threats that were made in the hallway by Josey Rodriguez to my client regarding 'we'll get you.'" After appellant's
offer of proof, the trial court re-affirmed its decision not to allow the testimony.

 Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in
evidence to prove the truth of the matter asserted." Tex. R. Evid. 801(d). Appellant argues that these statements were not
being made to prove the truth of the matter asserted, but rather only offered to show that Rodriguez made the threatening
statement. However, appellant does not explain to this Court what other matter could possibly be asserted by offering the
statements other than to prove that the statements were indeed made. We find that the only reason appellant attempted to
elicit this testimony was to prove that the threatening statement was made; i.e. to prove the truth of the matter asserted. The
trial court did not abuse its discretion in excluding this testimony because it was inadmissible hearsay. See id. at 802. 
Appellant's fourth issue is overruled.

IV. Missing Jury Note

 By his fifth issue, appellant contends he is entitled to a new trial because a jury note was not included in the reporter's
record.

 During the hearing on appellant's motion for new trial, the following exchange occurred:

The Court: I think that you all wrote me a note, didn't you? Remember that? I don't seem to find it. Asking me about
what the total amount of money had to add up to before he was [sic] - - he could be found guilty of this charge. Do you
remember that?

Witness: Yes, sir.

The Court: In fact, the question was, even though I don't seem to be able to put my hand on it, was whether you all had to
find that he was guilty of theft of $100,000 before he could be found guilty. Remember that?

Witness: Yes, sir.

The Court: Okay. In fact, I think that you all were back there adding up all the figures up [sic] on the blackboard; is that
correct?

Witness: Yes, sir.

The Court: Well, did you find - - regardless of whether you believe one particular complaining witness' [sic] set of
circumstances or another, did you find, in your mind, that he was guilty of having committed the offense of theft of a value
of more than $100,000.

Witness: Yes, sir.

The Court: That was your conclusion after looking at all of the evidence.

Witness: Yes, sir.



Appellant argues that he is entitled to a new trial because the note referenced in the above exchange was not included in the
reporter's record.

 Rule 34.6(f) of the Texas Rules of Appellate Procedure provides, in part,

An appellant is entitled to a new trial under the following circumstances:

 


 if the appellant has timely requested a reporter's record;


 


 if, without the appellant's fault, a significant . . . portion of the court reporter's notes and records has been lost or
destroyed . . . 


 


 if the lost, destroyed . . . portion of the reporter's record, or the lost or destroyed exhibit, is necessary to the appeal's
resolution; and


 


 if the lost, destroyed . . . portion of the reporter's record cannot be replaced by an agreement of the parties, or the lost or
destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to
accurately duplicate with reasonable certainty the original exhibit.


Tex R. App. P. 34.6(f).

 Although we do not have the note before us, the substance of the jury's questions and the trial court's response were clearly
established at the hearing on appellant's motion for new trial. It is evident that the jurors asked the trial court a question
concerning an amount they needed to reach before they could convict. There is no reason for this Court to assume that the
trial court gave an incorrect answer to their question. Based on several jurors' testimony at the hearing, it is evident that the
court gave the jury proper instructions and the jurors knew they had to find that appellant committed theft in a total amount
of $100,000.00, or more, but less than $200,000.00 before they could convict. We find that the missing note is not a
significant portion of the record. See Tex. R. App. P. 34.6(f)(2). Moreover, we do not agree with appellant that the note
and the trial court's corresponding response are necessary to the resolution of this appeal. Appellant has not shown how the
absence of the note impacts his sufficiency of evidence arguments or his arguments concerning the trial court's
determinations to admit or exclude testimony. See id. at 34.6(f)(3). Appellant's fifth issue is overruled.

 Accordingly, we affirm the judgment of the trial court.

 

NELDA V. RODRIGUEZ

Justice



Do not publish .

Tex. R. App. P. 47.2(b).



Opinion delivered and filed

this 27th day of March, 2003.

 

1. We note that one victim, Federico Leyva, was not arrested when his property, $26,400.00, was seized by appellant.

2. The total amount appellant took from the victims is greater than $100,000.00 even if we exclude questionable claims
made by the victims.