Solis v. SOT






 
NUMBER 13-02-00663-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 

HARLAN SOLIS, Appellant,



v.




THE STATE OF TEXAS, Appellee.

 



On appeal from the County Court at Law No. 1

of Nueces County, Texas.


 
MEMORANDUM OPINION


Before Justices Hinojosa, Yañez, and Garza

Opinion by Justice Hinojosa


 A jury found appellant, Harlan Solis, guilty of the misdemeanor offense of possession of two ounces or less of
marihuana, (1) and the trial court assessed his punishment at 180 days confinement in the Nueces County jail. 
Even though appellant had two prior probated sentences for possession of marihuana, the trial court
suspended appellant's sentence and placed him on community supervision for a period of twenty-four months. 

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. 
Tex. R. App. P. 47.4.

A. Appellant's Appeal


 Appellant's court-appointed counsel has filed a brief in which she states that she has reviewed the clerk's
record and reporter's record and has concluded that appellant's appeal is frivolous and without merit. See
Anders v. California, 386 U.S. 738, 744 (1967). Even though appellant's counsel has concluded that this
appeal is frivolous and without merit, she asserts in the brief that "[t]he only possible issue in the case is
whether the evidence is legally or factually sufficient to support the conviction." After setting out the standard
of review, appellant's counsel analyzes the evidence, and concludes that the evidence is legally and factually
sufficient to support appellant's conviction for possession of two ounces or less of marihuana. The brief meets
the requirements of Anders as it presents a professional evaluation showing why there are no arguable grounds
for advancing an appeal. See Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

 In the brief, appellant's attorney certifies that she mailed a copy of the brief to appellant on March 10, 2003. 
Appellant's attorney also certifies that she informed appellant by letter, dated March 9, 2003, of his right to
review the appellate record and to file a pro se brief. No such brief has been filed.

1. Legal Sufficiency


 When we review the legal sufficiency of the evidence, we view all the evidence in the light most favorable to
the verdict to determine whether any rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000). The standard is the same for both direct and circumstantial evidence
cases. Earhart v. State, 823 S.W.2d 607, 616 (Tex. Crim. App. 1991); Vela v. State, 771 S.W.2d 659, 660
(Tex. App.--Corpus Christi 1989, pet. ref'd). 

 The jury, as the trier of fact, may use common sense and apply common knowledge, observation, and
experience gained in ordinary affairs when giving effect to the inferences that may be reasonably drawn from
the evidence. Booker v. State, 929 S.W.2d 57, 60 (Tex. App.--Beaumont 1996, pet. ref'd). As fact finder, the
jury is the exclusive judge of the credibility of witnesses and the weight to be afforded their testimony. Tex.
Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App.
1991). The jury is free to accept one version of the facts, reject another, or reject all or any of a witness's
testimony. Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981). Simply because the defendant
presents a different version of the facts does not render the State's evidence insufficient. Anderson v. State,
701 S.W.2d 868, 872 (Tex. Crim. App. 1985).

 After reviewing the evidence in the record, we conclude that any rational trier of fact could have found the
essential elements of the offense of possession of two ounces or less of marihuana beyond a reasonable doubt. 
We agree with appellant's attorney that the evidence is legally sufficient to support appellant's conviction.

2. Factual Sufficiency


 When we review the factual sufficiency of the evidence, we review all of the evidence and set aside the
verdict only if (1) the evidence is so weak as to be clearly wrong and manifestly unjust or (2) the verdict is
against the great weight of the evidence. Johnson, 23 S.W.3d at 11. We are not bound to view the evidence
in the light most favorable to the prosecution and may consider the testimony of all the witnesses. Id. at
10-12. Disagreeing with the fact finder's determination is appropriate only when the record clearly indicates
such a step is necessary to arrest the occurrence of a manifest injustice; otherwise, due deference must be
accorded the fact finder's determinations, particularly those concerning the weight and credibility of the
evidence. Id.

 After reviewing all the evidence in the record, we conclude that the verdict is not so against the overwhelming
weight of the evidence that it is manifestly unjust and clearly wrong. We agree with appellant's attorney that
the evidence is factually sufficient to support appellant's conviction. Appellant's "possible" issue is overruled.

 Upon receiving a "frivolous appeal" brief, appellate courts must conduct "a full examination of all the
proceeding[s] to decide whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988). We
have carefully reviewed the appellate record and counsel's brief. We find nothing in the record that might
arguably support the appeal. We agree with appellant's counsel that the appeal is wholly frivolous and without
merit.

 The trial court's judgment is affirmed.

B. Counsel's Motion to Withdraw


 In accordance with Anders, appellant's attorney has asked permission to withdraw as counsel for appellant. 
See Anders, 386 U.S. at 744. We grant the attorney's motion to withdraw. We order appellant's attorney to
notify appellant of the disposition of this appeal and of the availability of discretionary review. See Ex parte
Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).



FEDERICO G. HINOJOSA

Justice



Do not publish. Tex. R. App. P. 47.2(b).



Opinion delivered and filed this the

12th day of June, 2003.











 

1. Tex. Health & Safety Code Ann. § 481.121(b)(1) (Vernon 2003).