NUMBER 13-05-00015-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

TOMAS R. RAMOS,                                                                          Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

  On appeal from the 36th District Court of San Patricio
County, Texas.

 

 

                             MEMORANDUM OPINION[1]

 

                     Before Justices Hinojosa, Rodriguez, and Garza

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Tomas R. Ramos, guilty of
two counts of the offense of failure to comply with sex-offender registration
requirements,[2]
and assessed his punishment for each count at seven years= imprisonment. 
The trial court ordered that both sentences run concurrently.  In one issue, appellant contends the evidence
is legally and factually insufficient to support his conviction.  We affirm.

                                                   A.  Standards
of Review

                                                            1.  Legal Sufficiency








When we review
the legal sufficiency of the evidence, we view all the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443
U.S. 307, 319 (1979);  Sanders v.
State, 119 S.W.3d 818, 820 (Tex. Crim. App. 2003); Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  In conducting this analysis, we may not
re-weigh the evidence and substitute our judgment for that of the jury.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000).  The standard is
the same for both direct and circumstantial evidence cases.  Kutzner v. State, 994 S.W.2d 180, 184
(Tex. Crim. App. 1999); Vela v. State, 771 S.W.2d 659, 660 (Tex. App.CCorpus Christi
1989, pet. ref=d). 
We measure the legal sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997).  Such a charge would
(1) accurately set out the law, (2) be authorized by the indictment, (3) not
unnecessarily increase the State=s burden of
proof or necessarily restrict the State=s theories of
liability, and (4) adequately describe the particular offense for which the
defendant was tried.  Id. at 240; see
Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000) (AWe believe the >law= as >authorized by
the indictment= must be the statutory elements of the
offense . . . as modified by the charging instrument.@).

                                                           2.  Factual Sufficiency

When we review
the factual sufficiency of the evidence, we review all the evidence in a
neutral light and set aside the verdict only if (1) the evidence is so weak as
to be clearly wrong and manifestly unjust or (2) the verdict is against the
great weight of the evidence.  Johnson,
23 S.W.3d at 11.  We are not bound to
view the evidence in the light most favorable to the prosecution, and may
consider the testimony of all the witnesses. 
Id. at 10-12.  Disagreeing
with the fact finder=s determination
is appropriate only when the record clearly indicates that such a step is
necessary to arrest the occurrence of a manifest injustice; otherwise, due
deference must be accorded the fact finder=s
determinations, particularly those concerning the weight and credibility of the
evidence.  Id.  A clearly wrong and unjust finding of guilt
is Amanifestly
unjust,@ Ashocks the
conscience,@ or Aclearly
demonstrates bias.@  Rojas v. State, 986 S.W.2d 241, 247
(Tex. Crim. App. 1998).

                                                          B.  Applicable
Law








A person who has
a reportable conviction, such as sexual assault, must register with the local
law enforcement authority in any municipality where the person resides or
intends to reside for more than seven days. 
Tex. Code Crim. Proc. Ann.
art. 62.051(a) (Vernon Supp. 2005) (previously designated Tex. Code Crim. Proc. Ann. art. 62.02(a) (Vernon
Supp. 2004)).  If the person does not
reside or intend to reside in a municipality, the person must register in the
county where the person resides or intends to reside for more than seven days.  Id.

A person does
not commit the offense of failure to comply with sex-offender registration
requirements unless he intentionally, knowingly, or recklessly fails to comply
with the registration requirements.  Tex. Pen. Code Ann. ' 6.02(b), (c)
(Vernon 2005).  A person acts with intent
with respect to the nature or result of his conduct when it is his conscious
objective or desire to engage in the conduct or to cause the result.  Id. at ' 6.03(a).  A person acts knowingly with respect to the
nature of his conduct or to circumstances surrounding his conduct when he is
aware of the nature of his conduct or that the circumstances exist; the person
acts knowingly as to the result of his conduct when he is aware that his
conduct is reasonably certain to cause the result.  Id. at ' 6.03(b).  A person acts recklessly with respect to the
circumstances surrounding his conduct or the result of his conduct when he is
aware of, but consciously disregards, a substantial and unjustifiable risk that
the circumstances exist or the result will occur.  Id. at ' 6.03(c).

                                                                  C.  Analysis

Appellant contends
the evidence is legally and factually insufficient to support his conviction
for two counts of the offense of failure to comply with sex-offender
registration requirements.  Specifically,
appellant asserts Athe State failed
to prove [he] had a prior, reportable conviction for a crime that created his
alleged duty to register as a sex offender.@








 In Count 1 of the indictment, the State
alleged that on or about November 10, 2003, appellant Awhile being a
person required to register with the local law enforcement authority in the
municipality where [he] resided or intended to reside for more than seven days,
to wit:  the City of Aransas Pass, Texas,
because of a reportable conviction for sexual assault, intentionally,
knowingly, or recklessly failed to register and report a change of address and
provide proof of residence.@

In Count 2 of
the indictment, the State alleged that on or about February 18, 2004, appellant
Awhile being a
person required to register with the local law enforcement authority in the
municipality where [he] resided or intended to reside for more than seven days,
to wit:  the City of Aransas Pass, Texas,
because of a reportable conviction for sexual assault@ . . .
intentionally, knowingly, or recklessly failed to register.

Jesse Andrade,
appellant=s parole
officer, testified he was assigned to supervise appellant after appellant was
released from prison for a sexual assault conviction.  Andrade further testified that he discussed
with appellant the requirements of the Sex Offender Registration Program,
specifically that appellant had to register every ninety days and report any
address changes to the appropriate municipal authorities.

Jeffrey Rickel,
the police officer assigned to investigate appellant, testified he had verified
documents showing that appellant was a registered sex-offender.

Ruben Rangel,
appellant=s former
employer, testified he had spoken with appellant regarding appellant=s release from
prison.  He further testified he knew of
appellant=s prior
conviction for sexual assault.

Appellant
testified in his own behalf.  Appellant
admitted in open court that he had been in prison for the offense of sexual
assault and that he had a conviction for sexual assault.  Appellant also admitted knowing that he had
to register as a sex offender.








Appellant=s penitentiary
packet (Apen packet@) was offered
and admitted into evidence without objection. 
The pen packet includes an affidavit signed by L. Leflore, Chairman of
Classification and Records for the Texas Department of Criminal Justice B Correctional
Institutions Division, authenticating the records.  See Reed v. State, 811 S.W.2d 582
(Tex. Crim. App. 1991). The pen packet also includes a copy of the signed
judgment of the court.  The judgment
states, in relevant part, AOFFENSE
CONVICTED: SEXUAL ASSAULT@ and AIT IS THEREFORE
CONSIDERED, ORDERED, ADJUDGED, AND DECREED by the Court that the [appellant] is
guilty of the offense.@  (Emphasis in original.)

After viewing
the evidence in the light most favorable to the verdict and measuring it
against the elements of the offense as defined by a hypothetically correct jury
charge, we conclude that any rational trier of fact could have found the
essential elements of the offense of failure to comply with sex-offender
registration requirements beyond a reasonable doubt.  Accordingly, we hold the evidence is legally
sufficient to support both counts of appellant=s
conviction.  Furthermore, after reviewing
all the evidence in a neutral light, we conclude that the evidence in this case
is not so weak as to be clearly wrong and manifestly unjust and the verdict is
not against the great weight of the evidence. 
Accordingly, we hold the evidence is factually sufficient to support
both counts of appellant=s
conviction.  Appellant=s sole issue is
overruled.

The judgment of
the trial court is affirmed.

 

FEDERICO G.
HINOJOSA

Justice

 

 

Do not
publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed

this the 8th
day of June, 2006.











[1]
Because the issues of law
presented by this case are well settled and the parties are familiar with the
facts, we will not recite the law and facts in this opinion except as necessary
to advise the parties of the Court=s decision and the basic reasons for it. See Tex. R. App. P. 47.4.





[2] See Tex.
Code Crim. Proc. Ann. art. 62.055 (Vernon Supp. 2005) (previously
designated as Tex Code Crim. Proc. Ann.
art. 62.04 (Vernon Supp. 2004)); Tex.
Code Crim. Proc. Ann. art. 62.102 (Vernon Supp. 2005) (previously
designated as Tex Code Crim. Proc. Ann.
art. 62.10 (Vernon Supp. 2004)).